NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGALIE CENORBE; WADNER RAPHAEL; W. R.-C., | No. 25-3994 |
| Petitioners, | Agency Nos. A209-158-068 A220-579-985 A220-562-779 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026**
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District
Judge.***

Magalie Cenorbe (Cenorbe) and her partner Wadner Raphael (Raphael),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

natives and citizens of Haiti and Chile,[1] petition for review of a Board of Immigration Appeals (BIA) order dismissing their appeal of an Immigration Judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] We deny the petition.

"We review the agency's factual findings, including credibility determinations, for substantial evidence. . . ." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation omitted). "Where, as here, the BIA cites *Burbano*[3] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions. . . ." *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024) (citation omitted).

**1.** Substantial evidence supports the agency's adverse credibility determinations. Cenorbe initially testified that she met her abusive ex-partner in 2015. Cenorbe testified that she left him permanently on December 20, 2016. However, when confronted with a Record of Sworn Statement documenting a Department of Homeland Security (DHS) officer's interview with Cenorbe

---

[1]     Petitioners challenge the denial of relief solely as to Haiti.

[2]     Each of the petitioners filed separate petitions. Nevertheless, both Raphael and their minor child, W.R.-C., also have derivative claims for asylum as Cenorbe's beneficiaries.

[3]     *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994).

following her October 2016 entry into the United States, Cenorbe drastically changed her testimony. Cenorbe explained that she first lived with her ex-partner in 2003, had a child with him, and fled Haiti later that year because she didn't want to be with him. She next encountered her ex-partner when she was deported to Haiti following her unlawful entry into the United States in 2016. Cenorbe testified that she told the DHS officer in 2016 that she did not fear return to Haiti because the severe incidents of abuse underlying her asylum claim occurred following her return to Haiti in December 2016 and leaving again in February 2017.

The agency may "afford substantial weight to inconsistencies that bear directly on [a petitioner's] claim of persecution," including inconsistencies about a "crucial date." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) (citations, alterations, and internal quotation marks omitted). Against this significant inconsistency, the agency was not compelled to find Cenorbe credible, especially when considering other indicia of unreliability the IJ identified, such as being unresponsive to questions, engaging in long pauses when faced with conflicting evidence, and the omission from her asylum application of her 2016 entry into the United States. *See id.* (concluding that an adverse credibility determination was supported by demeanor findings); *see also Uc Encarnacion v. Bondi*, 156 F.4th 927, 938 (9th Cir. 2025) ("We regularly credit

demeanor findings based on hesitation and lengthy pauses during key questioning. . . .") (citations omitted).

Raphael similarly struggled with the "crucial date" of the incident underlying his separate asylum claim. *Rodriguez-Ramirez*, 11 F.4th at 1093. He described an incident of a man who attacked his family at their house on the 5th, 7th, 10th, and 12th of September 2012.[4] But during cross-examination, Raphael testified that there were attacks each day from the 5th through the 10th. And when confronted with the police report stating that the attacks occurred in November rather than September of 2012, Raphael—after a long pause—explained, "when it comes, like, to the month -- so, I do not know. So -- but it did happen in 2012." These inconsistencies around a crucial date, combined with Raphael's long pause when confronted with conflicting documents, constituted substantial evidence to support the agency's adverse credibility determination. *See id.*

The adverse credibility determinations are fatal to Cenorbe's and Raphael's claims for asylum and withholding of removal. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892-93 (9th Cir. 2020).[5]

**2.** Absent credible testimony, the remaining record does not compel a grant

---

[4]     At one point Raphael also mentioned November 5th and "the 12th."

[5]     Because the minor petitioner's claims are based on the same facts as her mother's claims, we do not address those claims separately.

of CAT relief.  Cenorbe and Raphael submitted country conditions evidence describing generalized violence and criminality in Haiti.  However, they have "presented no actual, individualized evidence that [they] would be tortured by or with the acquiescence of the [Haitian] government if [they] were removed to [Haiti]." *Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025).  Accordingly, substantial evidence supports the BIA's determination that Cenorbe and Raphael were not entitled to CAT relief.  *See id.*

**PETITION DENIED.**[6]

---

[6]    The stay of removal will remain in place until the mandate issues.  The motion for stay of removal (Dkt. # 2) is otherwise denied.